RIGGS LAW FIRM, LLC
DANIEL RIGGS, ESQ. NBN 12270
E-mail: driggs@danriggs.com
5545 S. Mountain Vista Street
Las Vegas, NV 89120
Tel: (702) 605-5070
Proposed Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

In re:

VIRGINIA TOALEPAI

Debtor.

BK-S-26-13346-ABL
Chapter 13

Hearing Date: July 15, 2026
Hearing Time 1:30 pm

**APPLICATION FOR ORDER APPROVING THE EMPLOYMENT OF**
**RIGGS LAW FIRM, LLC AS BANKRUPTCY COUNSEL**
**TO THE DEBTOR EFFECTIVE AS OF THE PETITION DATE**

Virginia Toalepai as debtor and debtor in possession (the "Debtor"), submits her application (the "Application") for an order approving the employment of the Riggs Law Firm, LLC ("Riggs") as its bankruptcy counsel, and with such retention effective as of the commencement of her bankruptcy case. This Application is based on the points and authorities herein, the *Declaration of Daniel Riggs, Esq.* (the "Riggs Declaration") filed in support, the papers and pleadings on file in this bankruptcy case, judicial notice of which are requested, and any arguments of counsel made at the hearing on the Application.

**Introduction**

1.      The Debtor owns and operates several businesses in the State of Nevada. These businesses mainly provide safety equipment, consulting, and inspections for construction projects. The Debtor is an individual who lives in Las Vegas, Nevada.

**Jurisdiction and Venue**

2.      On May 28, 2026, (the "Petition Date"), the Debtor filed her voluntary petition or relief under chapter 11 of the United States Code (the "Bankruptcy Code"), thereby commencing its

1

respective bankruptcy case (the "Chapter 11 Case"). The Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334, and LR 1001(b)(1). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to LR 9014.2, the Debtor consent to the entry of final orders and judgments by the bankruptcy judge. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408(1) and 1409(a).

## Retention

3.    On or about March 4, 2026, af Riggs entered into a Legal Representation Agreement (the "Representation Agreement") with the Debtor, a true and correct copy of which is attached to the Riggs Declaration as **Exhibit 1**. The Representation Agreement provides Riggs' current hourly rates and current charges for certain expenses charged by counsel.

4.    Riggs' attorney has extensive experience in bankruptcy. Riggs' attorney is duly admitted to practice law in the State of Nevada and before this Court. Daniel G. Riggs, Esq., will be the lead attorney on this case and has represented a Chapter 13 Bankruptcy Trustee for more than fifteen (15) years. Accordingly, Riggs has the necessary experience to deal effectively with the potential legal issues that may arise in this case.

## Scope of Services

5.    Riggs' services are appropriate necessary to enable the Debtor to execute her duties as the debtor and debtor in possession faithfully and to implement her restructuring and reorganization. The Application proposes that Riggs be employed to render the following professional services:

(a)    Prepare on behalf of the Debtor, as debtor in possession, all necessary or appropriate motion, applications, answers, orders, reports, and other papers in connection with the administration of the Debtor's bankruptcy estate;

(b)    To take all necessary or appropriate actions in connection with a plan of reorganization and all related documents, and such further actions as may be required in connection with the administration of Debtor's bankruptcy estate;

/ / /

(c)    Take all necessary actions to protect and preserve the Debtor's estate including the prosecution of actions on the Debtor's behalf, the defense of any actions commenced against the Debtor, the negotiations of disputes in which the Debtor are involved, and the preparation of objections to claims filed against the Debtor's estate; and

(d)    Perform all other necessary legal services in connection with the prosecution of the Chapter 11 Case.

6.    It is necessary for the Debtor to employ an attorney to render the foregoing professional services. Subject to this Court's approval of the Application, Riggs is willing to serve as Debtor's general bankruptcy counsel to perform the services described.

**Disinterestedness**

7.    Riggs and its attorney are "disinterested persons" pursuant to sections 327 (a) and 101(14) of the Bankruptcy Code because they are not an equity security holder, or insider of the Debtor; they are not, and were not within two (2) years before the Petition Date, a director, officer or employee of the Debtor; and they do not have an interest materially adverse to the interests of the estate or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor or for any reason

8.    Pursuant to Fed. R. Bankr. P. 2014(a), Riggs does not have any connections with the Debtor, its creditors, any other party in interest, its respective attorneys or accountants, the United States Trustee, or any person employed in the Office of the United States Trustee. Further, Riggs' representation will not be adverse to the Debtor's estate.

**Compensation**

9.    Riggs received a total pre-petition retainer of $27,500.00. Riggs incurred fees and costs totaling $10,283.00 pre-petition, inclusive of the filing fee for the Chapter 11 Case, and thus retains on hand the sum of $17,217.00 in its trust account to secure the payment of future fees and costs as may be allowed by the Court pursuant to the normal fee application process.

10.    As set forth in the Letter of Engagement, the professional anticipated to work on this matter, and their respective hourly rates, are as follows: Daniel G. Riggs, Esq., principal,

3

$500 per hour; Cindy Coons, paralegal, $200 per hour. The foregoing are Riggs' current customary hourly rates, and Riggs submits that such rates are reasonable in light of its experience and the complexity of the work involved. Riggs will also seek reimbursement of its expenses pursuant to its policies set forth in the Representation Agreement, which generally involve passing through all properly reimbursable expenses to the client at cost.

11. Riggs hereafter intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with section 330 of the Bankruptcy Code, the Federal Rules of Bankruptcy Rules, the Local Rules of Bankruptcy Practice for the United States District Court for the District of Nevada, and the *Guidelines for Reviewing Applications for Compensation* established by the Office of the United States Trustee, for all services performed and expenses incurred after the Petition Date.

### Conclusion

WHEREFORE, the Debtor request entry of an order in the form attached hereto as **Exhibit 1**, thereby authorizing the employment of Riggs as her bankruptcy counsel pursuant to the terms and conditions in the Letter of Engagement and effective as of the Petition Date, to render the legal services described herein, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as may be allowed by the Court pursuant to the provisions of section 330 and 331 of the Bankruptcy Code. The Debtor also requests such other and further relief as is just and proper.

Dated: May 17, 2026

.

By: /s/ Daniel Riggs, Esq.
**RIGGS LAW FIRM, LLC**
DANIEL RIGGS, ESQ., NBN 12270
5545 S. Mountain Vista Street
Las Vegas, Nevada 89120
Proposed Attorney for Debtor

4