Richard F. Holley, Esq.
Nevada Bar No. 3077
Email: rholley@spencerfane.com
R. McKay Holley, Esq.
Nevada Bar No. 15934
Email: mholley@spencerfane.com
SPENCER FANE, LLP
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Tel: (702) 408-3400 | Fax (702) 408-3401

*Attorneys for Enterprise Bank and Trust*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| In re: | Case No. 26-13346-abl |
|---|---|
| | Chapter 11 |
| VIRGINIA TOALEPAI | |
| aka Virginia To'alepai | |
| fka Virginia Littlefield | Hearing Date: July 15, 2026 |
| fka Virginia McKnight | Hearing Time 1:30 p.m. |
| fka Virginia Tamanaikaiyaroi, | |
| | |
| Debtor. | Judge: Hon. August B. Landis |

**ENTERPRISE BANK AND TRUST'S OBJECTION TO APPLICATION FOR ORDER APPROVING THE EMPLOYMENT OF RIGGS LAW FIRM, LLC AS BANKRUPTCY COUNSEL TO THE DEBTOR EFFECTIVE AS OF THE PETITION DATE**

Secured Creditor Enterprise Bank and Trust ("EB&T"), by and through its counsel of record herein, hereby submits its Objection to Debtor Virginia Toalepai's ("Debtor") *Application For Order Approving The Employment Of Riggs Law Firm, LLC As Bankruptcy Counsel To The Debtor Effective As Of The Petition Date* (the "Application"). ECF No. 30.[1][2]  It is because of the information contained in the Supplement that EB&T brings this *Objection To Application For*

---

[1] Debtor supplemented the Application on July 6, 2026 by filing its *Supplement To Application For Order Approving The Employment Of Riggs Law Firm, LLC As Bankruptcy Counsel To The Debtor Effective As Of The Petition Date* defined as "Supplement". ECF No. 61.

[2] All references to "ECF No." are to the numbers assigned to the documents filed in the bankruptcy case identified in the caption above ("Case") as they appear on the docket ("Docket") maintained by the Clerk of the Court of the United States Bankruptcy Court for the District of Nevada. Capitalized terms used but not otherwise defined in this Opposition shall have the meanings ascribed to them in the Motion.

SPENCER FANE LLP
Attorneys at Law
Las Vegas

*Order Approving The Employment Of Riggs Law Firm, LLC As Bankruptcy Counsel To The Debtor Effective As Of The Petition Date* ("Objection").  This Objection is brought on the following grounds and because the Debtor has failed to: (1) show that RSO retained independent legal counsel and understands that the Proposed Counsel's duty of undivided loyalty is owed to the Debtor; (2) fully disclose the factual and legal relationship between the Debtor and RSO; and (3) demonstrate the absence of facts which would otherwise create non-disinterestedness, actual conflict, or impermissible potential for a conflict of interest. Accordingly, the Application should be denied.

EB&T's Objection is based on the following Memorandum of Points and Authorities; the Declaration of R. McKay Holley, Esq. ("Holley Decl."), filed concurrently herewith under the Local Rules of Bankruptcy Practice of the United States District Court for the District of Nevada ("LR") 9014(c); the pleadings and papers on file in the Case, judicial notice of which is respectfully requested under Fed. R. Evid. 201(b) and (c) and 1101(a) and (b); and any oral argument the Court may entertain regarding the Application.[3]

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I.     JURISDICTION**

1.     This court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 157 and 1334, and LR 1001(b)(1).

2.     This is a core proceeding under 28 U.S.C. § 157(b). Pursuant to LR 9014.2, EB&T consents to the entry of final order or judgment by the Bankruptcy Court.

### **II.     STATEMENT OF FACTS**

3.     Debtor filed a voluntary chapter 11 petition ("Petition") on May 28, 2026. *See* ECF No. 1.

---

[3] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure will be referred to as "FRCP" and the Federal Rules of Bankruptcy Procedure will be referred to as "FRBP." The Local Rules of Practice for the United States Bankruptcy Court for the District of Nevada shall be referred to as the "Local Rules".

SPENCER FANE LLP
Attorneys at Law
Las Vegas

LV 7210934.1

4.    On June 8, 2026, EB&T's counsel uploaded various loan agreements between Debtor and EB&T to a Box.com folder and sent a link to the folder to Attorney Daniel Riggs of Riggs Law Firm, LLC ("Proposed Counsel"). Inclusive in the folder was a recorded Assignment of Rents ("Assignment"). The Assignment identifies the terms of a lease between Debtor as lessor and RSO Corporation as lessee ("Lease"). The Assignment identifies the following Lease terms:

a)   Lease Date: May 30, 2023;

b)   Start Date: June 1, 2023;

c)   End Date: June 1, 2048;

d)   Lessee: RSO Corporation, a Nevada Corporation;

e)   Description of the Premises: 4665 Judson Avenue, Las Vegas, NV 89115;

f)   Rental Amount: $51,927.31 Per Month;

g)   Deposit Amount: None; and

h)   Lease Terms: Twenty-five (25) years, commencing June 1, 2023 and terminating on June 1, 2048.

Holley Decl. ¶5.

5.    The Commercial lease was executed by the Debtor as lessor and by the Debtor in her capacity as president of RSO Corporation, as lessee.  The Debtor is the 100% owner of RSO Corporation.

6.    On June 9, 2026, EB&T filed its Notice of Non-Consent to Unauthorized Use of Cash Collateral. ECF No. 16.[4]

7.    On June 16, 2026, EB&T filed a fully secured proof of claim in the amount of $889,794.93 for a Pari Passu Loan ending in 0655. Claim 15-1.

8.    On June 16, 2026, EB&T filed a fully secured proof of claim in the amount of $5,294,150.30 for an SBA Loan ending in 4903. Claim 16-1.

9.    On June 25, 2026, the Debtor filed her Official Form 426 in which she provided financials for her wholly owned entity RSO Corporation ("RSO"). ECF No. 40. Debtor included

---

[4] The Debtor has not sought or obtained authority to use cash collateral as of the date of this Motion.

Profit and Loss Statements for February, March, and April 2026. RSO ran at a deficit of ($11,956.21) for April 2026. In none of the profit and loss statements does RSO itemize any lease payment obligations. *Id.* at 8, 12, and 16.

10.    On June 27, 2026, the Debtor filed her Schedules and Statements of Financial Affairs. ECF No. 50.

11.    Debtor listed on her Schedule A/B a commercial building at 4665 Judson Avenue, Las Vegas, Nevada 89115 ("Judson Property") with a value of $6,250,000.00 ECF No. 50 at 10.

12.    Debtor does not list on her Schedule A/B any money that is owed to Debtor from RSO for unpaid rent. ECF No. 50 at 13–17.

13.    Debtor listed EB&T on her Schedule D as the holder of claims secured by the Judson Property for a total secured amount of $5,703,934.00.  ECF No. 50 at 22, 23.

14.    Debtor did not list any unexpired leases or executory contracts in her Schedule G. ECF No. 50 at 47.

15.    Debtor did not list any rental income on her Schedule J. ECF No. 50 at 54.

16.    Debtor did not list any rental income in her Statement of Financial Affairs. ECF Nos. 50, 60.

17.    Debtor did not list any real property expenses for the Judson Property in her Schedule I. ECF No. 50 at 55–56.

18.    On July 7, 2026, EB&T's counsel sent Proposed Counsel a copy of the Lease. Holley Decl. ¶ 6.

### III.    LEGAL ARGUMENT

**A.    The Debtor's Application Should Be Denied**

**1.    11 U.S.C. § 327(a)**

Section 327(a) of the Bankruptcy Code provides that a trustee or debtor-in-possession, with court approval, may employ attorneys and other professional persons that (1) do not hold or represent an interest adverse to the estate, and (2) are disinterested persons 11 U.S.C. § 327(a). Both requirements must be satisfied under the plain language of the statute. Failure to meet either requirement may result in disqualification.

Courts consider the following five factors when determining whether a retainer funded by a non-debtor insider creates an impermissible conflict: (1) the arrangement must be fully disclosed to the debtor and the insider; (2) the debtor must expressly consent to the arrangement; (3) the insider must retain independent legal counsel and must understand that the attorney's duty of undivided loyalty is owed to the debtor; (4) the factual and legal relationship must be fully disclosed to the court at the outset; and (5) the proposed counsel must demonstrate the absence of facts which would otherwise create non-disinterestedness, actual conflict, or impermissible potential for a conflict of interest. *In re Lotus Props. LP*, 200 B.R. 388, 392 (Bankr. C.D. Cal. 1996). It is not surprising that "[t]hird parties do not transfer property or funds to an attorney to represent a debtor in possession unless that representation is in the best interest of the third party." *In re Hathaway Ranch Partnership*, 116 B.R. 208, 219 (Bankr. C.D. Cal. 1990) (requiring a showing that the interests of the third party and the bankruptcy estate are identical).

Here, the Debtor fails to show satisfaction of the third, fourth, and fifth factors. Contrary to the third factor, there is no evidence that RSO hired its own legal counsel to properly understand that Proposed Counsel's duty of undivided loyalty is owed exclusively to the Debtor. The Debtor had the benefit of Proposed Counsel's guidance; however, Debtor is not RSO. As explained below, RSO is contractually obligated to make monthly lease payments of $51,927.31 to the Debtor. The Debtor in turn has historically used the monthly lease payments to make her monthly installment loan payments to EB&T. The record before the Court shows that RSO has not made any lease payments since at least February 1, 2026. ECF No. 40 at 8, 12, and 16. The last loan payment made by the Debtor to EB&T was exactly one year ago, in July 2025. This failure to make monthly loan payments to EB&T likely reflects lease default payments by RSO Corporation since August 2025. Rather than attempting to partially satisfy a significant outstanding obligation to the Debtor, RSO—at the Debtor's direction—"gifted" the Debtor $27,500.00. Such an incomprehensible decision suggests that RSO did not have the proper legal advice to make an informed decision on what is best for RSO rather than the Debtor.

Next, Proposed Counsel and the Debtor also fail to disclose the factual and legal relationship between the Debtor and RSO in the Application and recently filed Supplement. The

SPENCER FANE LLP
Attorneys at Law
Las Vegas

- 5 -

LV 7210934.1

Debtor and RSO have had a lessee/lessor relationship since at least May 30, 2023. Holley Decl. ¶ 5. Pursuant to the Lease, RSO agreed to pay $51,927.31 per month for a term of twenty-five years. Holley Decl. Ex. B. These lease payments serve as partial security for two loans that EB&T funded to Debtor.

A review of the Application, Supplement, and even Debtor's Schedules and Statement of Financial Affairs shows that Debtor does not disclose this relationship. The record also shows that RSO is likely in default under the Lease for failing to make monthly lease payments. Debtor's Statement of Financial Affairs shows that between petition date and January 1, 2024, her income was only $47,570.13—not even one month's worth of rent. ECF No. 60 at 1–2. During that same twenty-eight-month period, RSO should have paid Debtor $1,453,964.68 in rental payments. As mentioned above, if the RSO failed to make lease payments since August 2025, the arrears total approximately $571,200.41. Debtor's Application and Supplement fail to disclose this lessee/lessor relationship, fail to disclose the significant obligation RSO owes the estate, and fail to disclose the potential claims and remedies the Debtor has against RSO.

Finally, Debtor's Application and Supplement fail to demonstrate that there are no actual or impermissible conflicts between RSO and the Debtor. Rather, the Debtor represents to the Court that "[t]he bankruptcy estate and myself do not have any claims against RSO." ECF No. 61 ¶ 7. This is patently false. As explained above, RSO likely owes the estate significant unpaid rent. In normal lessee/lessor relationships, a landlord will evict a delinquent tenant. Here, the Debtor has not only failed to enforce the Lease, but she also failed to disclose the existence of the Lease and the extent of arrears even after EB&T's counsel shared evidence of the same with Proposed Counsel. Holley Decl. ¶ 5. Proposed Counsel cannot represent the estate when the very source of his payment has such a significant actual and potential conflict, especially where RSO should be subject to eviction and collection efforts.

/ / /

/ / /

/ / /

/ / /

SPENCER FANE LLP
Attorneys at Law
Las Vegas

- 6 -

LV 7210934.1

## IV. **CONCLUSION**

For all the reasons above, EB&T respectfully requests that the Court deny Debtor's Application.

Dated this 7th day of July 2026.

SPENCER FANE LLP

 /s/ R. McKay Holley
RICHARD F. HOLLEY, ESQ. (NBN 3077)
R. McKAY HOLLEY, ESQ. (NBN 15934)
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Phone: (702) 408-3400 | Fax: (702) 408-3401
Email: rholley@spencerfane.com
       mholley@spencerfane.com

*Attorneys for Enterprise Bank and Trust*

SPENCER FANE LLP
Attorneys at Law
Las Vegas

LV 7210934.1

## **CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Spencer Fane LLP and that, on the 7th day of July 2026, I caused to be served a true and correct copy of ENTERPRISE BANK AND TRUST'S OBJECTION TO APPLICATION FOR ORDER APPROVING THE EMPLOYMENT OF RIGGS LAW FIRM, LLC AS BANKRUPTCY COUNSEL TO THE DEBTOR EFFECTIVE AS OF THE PETITION DATE in the following manner:

☒ (ELECTRONIC SERVICE) Under Local Rule 5005 of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

☐ (UNITED STATES MAIL) By depositing a copy of the above-referenced document for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada, to the parties listed on the attached service list, at their last known mailing addresses, on the date written above.

☐ (OVERNIGHT COURIER) By depositing a true and correct copy of the above-referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date written above.

☐ (FACSIMILE) By serving a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those listed on the attached service list, and on the date written above.

  /s/ Olivia Swibies  
An employee of Spencer Fane LLP

SPENCER FANE LLP  
Attorneys at Law  
Las Vegas

LV 7210934.1